SHIRLEY *et al. v.* POLICE AND FIREMEN'S INS. ASS'N.

(*Knoxville,* September Term, 1936.)

Opinion filed November 21, 1936.

Sizer, Chambliss & Kefauver, of Chattanooga, for complainant.

Shepherd, Carden, Curry & Levine, of Chattanooga, for defendant.

Mr. Justice DeHaven delivered the opinion of the Court.

The original bill herein sought to recover $2,500 on a fraternal benefit insurance certificate issued by defendant, on March 16, 1931, to J. G. Shirley, a police officer of the city of Chattanooga. Shirley was shot on Saturday, November 7, 1931, by some unknown person, and died from the effects of his wounds on November 8, 1931.

Deceased paid a membership fee of $3, and a month's premium of $3.15, at the time the certificate was issued to him. He continued to pay premiums thereafter up to and including the month of August, 1931. He defaulted in the payment of premiums for the months of September and October, 1931. On Friday, November 6, 1931, the sum of $9.45 was paid to a local member of the advisory board of the association, living in Chattanooga. The money so paid on the 6th was remitted through the mail on Sunday, November 8, 1931 (the day insured died), to the home office of the association at Indianapolis, Ind., and was received on Monday, November 9, 1931. The

secretary of the association, Sherman Mott, without any notice of the shooting of Shirley on the 7th and his death on the 8th, issued the official receipt and entered a reinstatement of Shirley upon the books of the association as of November 6th. This official receipt was then forwarded to M. D. Gang, local member of the advisory board at Chattanooga, to be countersigned by him and delivered to the insured.

Notice of the injury and death of Shirley was not communicated to the association until November 25, 1931, when the claim of the widow, as beneficiary, was received. The claim was rejected and the $9.45 paid was tendered back. The tender was rejected and this suit was instituted.

The certificate sued on provides that the constitution and by-laws of the association shall become a part thereof. Article 2, section 1, of the by-laws provides:

"Each Local Section shall, on the date prescribed in the Articles of Association (in August preceding Meeting of Supreme Legislative Body), select one of their members in good standing as a member of the Advisory Board, whose duty it shall be to collect the contributions from the members of his Section, remitting the same to the Secretary of the Association."

There was a section of the association organized by the policemen of the city of Chattanooga, and they selected one of their members, M. D. Gang, as a member of the advisory board, under the above by-law.

Sections 10 and 11, article 4, of the constitution of the association are as follows:

"Sec. 10. Any members failing to pay membership fees, dues or contributions within the time fixed by the By-Laws shall be in arrears and shall forfeit all benefits

during such delinquency, but may be reinstated on the payment of arrears and upon such terms and conditions as may be prescribed by its By-Laws.

"Sec. 11. No subordinate branch or section, nor the members or officers shall have any authority to waive any of the provisions of these Articles or the By-Laws of the Association, but the same shall be binding on each and every member thereof and on all beneficiaries of its members."

Sections 7 and 8, article 4, of the by-laws are as follows:

"Sec. 7. It shall be and it is hereby made the duty of each member of this Association promptly to remit the amount of each monthly payment to the Secretary of the Association, or pay the same to the Member of the Advisory Board of his Section in exchange for an official receipt, and any member who shall fail to remit or to pay said monthly payments as here provided, in time to have the same in the office of the Association by 12 o'clock noon on the last day of the month in which any payment is due, shall be delinquent and out of benefits, and shall not be entitled to benefits for any disability had during his default, and he shall not become a beneficial member until he has paid up his arrears, and no person shall or may be reinstated as a member thereof; except by the Board of Directors, or a duly constituted committee thereof, and within six months from the date of default, and only while in Good General Health, and on the payment of all arrears.

"Application for reinstatement to be made on blanks provided therefor, which shall provide that no claim will be made for any disability had during such delinquency nor for ten days after his reinstatement.

"Sec. 8. No receipt shall be binding on this Association except the official receipt, duly signed by the Secretary and countersigned by the member of the Advisory Board."

The local member of the advisory board had no authority to; reinstate a delinquent certificate, and did not attempt to do so. The receipt he issued was a mere memorandum and did not purport to be an official receipt. The official receipt issued by the secretary of the association, and the reinstatement of Shirley upon the books of the association was after the death of Shirley, and, under the by-laws, was conditioned on his good health at the time, and ineffective for ten days thereafter.

The chancellor dismissed the bill, and, on appeal, the Court of Appeals affirmed the decree of the chancellor. The cause is now before this court on petition for *certiorari.*

█ The insistence made on behalf of the petitioner is that even though Gang had no authority to reinstate a lapsed policy that, being expressly clothed with the power to collect premiums, he had the authority to waive any delay in the payment of premiums.

Section 6397 of the Code is as follows:

"The constitution and laws of the society may provide that no subordinate body nor any of its subordinate officers or members shall have the power to waive any of the provisions of the laws and constitution of the society, and the same shall be binding on the society and each member thereof and on all beneficiaries of members."

Section 11, article 4, of the constitution of defendant association is in substantially the words of section 6397 of the Code.

Shirley was a member of the association and was bound

by its constitution and by-laws. Under express provision of the constitution, "No subordinate branch or section, nor the members or officers shall have any authority to waive any of the provisions of these Articles or the By-Laws of the Association." The laws of the association granted Gang no power to reinstate a lapsed certificate. The power of reinstatement was expressly limited by the by-laws to the "Board of Directors, or a duly constituted committee thereof." When Shirley failed to pay his premiums "within the time fixed by the by-laws," he became in arrears, and under the terms of the certificate forfeited all benefits thereunder. To hold that Gang had authority to waive default in the payment of premiums would be to nullify the express provisions of the constitution and by-laws of the association incorporated, by express reference, into the certificate itself.

Under the provisions of the by-laws, Shirley had the right to seek reinstatement of his certificate within six months from the date of default. The duly appointed authority of the association could grant reinstatement only while Shirley was in good health, and on the payment of all arrears. He could make no claim for disability had during delinquency, nor for ten days after reinstatement. Obviously, Shirley, as the first step toward reinstatement, had to tender the amount of his arrears. Gang, as a member of the advisory board, could receive the amount tendered and forward it to the proper authority for acceptance or rejection. The taking of this money by Gang, and his issuance of a memorandum receipt therefor, was not a waiver of the delay in the payment of premiums, but, on the contrary, was in harmony with the contract provision permitting reinstatement under specified conditions. While no form of application was

made out for reinstatement, the forwarding of the sum necessary to reinstatement, with a receipt stub so showing, was taken and regarded as the equivalent of such an application.

The memorandum receipt issued by Gang did not bind the company to reinstate the policy. Section 8 of the by-laws, made a part of the certificate contract sued on, provides: "No receipt shall be binding on this Association except the official receipt, duly signed by the Secretary and countersigned by the member of the Advisory Board." When the secretary of the association, on November 9th, executed the official receipt and forwarded it to Gang, in ignorance of the death of Shirley on the 8th, Gang appears to have countersigned the receipt and delivered it to the widow of Shirley.

The reinstatement of Shirley was made as of November 6th. This was not effective, under the terms of the certificate, until ten days thereafter. Shirley died two days thereafter.

Without further elaboration, we are constrained to deny the writ of *certiorari*.